MUNICIPAL METALLIC BED MANUFACTURING CORPORATION, Respondent, v. DAVID DOBBS, Appellant, and SARAH LITTMAN and Another, Defendants. (Appeals Nos. 3 and 4.) — Order dated April 28, 1930, denying motion of defendant Dobbs to resettle order of April 16, 1930, reversed upon the law and the facts, without costs, and motion to resettle granted, without costs. Appellant was entitled to have the documents recited in his notice of motion incorporated in the order of April sixteenth. Order dated April 16, 1930, as so resettled, granting plaintiff's motion to vacate order of March 15, 1930, and reinstating attachment, affirmed with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper Hagarty, Carswell and Scudder, JJ., concur.

MUNICIPAL METALLIC BED MANUFACTURING CORPORATION, Respondent, v. DAVID DOBBS and Another, Defendants, and SARAH LITTMAN, Appellant. (Appeal No. 5.) — Order dated April 24, 1930, denying motion of defendant Littman to confirm referee's report, reversed upon the law and the facts, without costs, and

motion granted, without costs, upon condition that within ten days from the entry of the order herein appellant stipulate to credit against the amount fixed in the referee's report the sum of $225.08. In the event that such stipulation be not made, the order is affirmed, without costs. The sustaining of the complaint in this action by the Court of Appeals did not make erroneous the decision of this court that the injunction order was improvidently procured and was without warrant of law, for such was the holding of this court independently of the validity of the complaint in the action. (*Municipal Metallic Bed Mfg. Corp.* v. *Dobbs* [*Appeal No. 2*], 228 App. Div. 724.) By reason of section 1520 of the Civil Practice Act, the benefit of which the plaintiff, respondent, invokes, the defendant, appellant, was not entitled to have affirmative relief with respect to this referee's report in view of the non-payment of the costs due the plaintiff, respondent, to the extent of $225.08. On giving the stipulation prescribed as a condition to relief, the barrier to the defendant, appellant's being accorded relief will be removed. By failing to give this stipulation the barrier will prevent her having the benefit of a favorable ruling with respect to the motion to confirm the referee's report. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.